**Georgette DONOVAN, Pro Ami William Donovan, Jr.**

**v.**

**Kenneth LUCE.**

Supreme Judicial Court of Maine.

June 1, 1966.

Jere R. Clifford and Robert Clifford, Lewiston, for plaintiff.

Linnell, Choate &·Webber, by Frank W. Linnell, G. Curtis Webber, Auburn, for defendant.

Before WILLIAMSON, C. J., and TAPLEY, MARDEN, RUDMAN and DUFRESNE, JJ.

WILLIAMSON, Chief Justice.

This automobile accident case is before us on defendant's appeal from denial of his motion for a new trial. The sole issue is whether the jury was warranted in finding that the plaintiff was in the exercise of due care. Negligence of the defendant and damages are not questioned.

■ The verdict stands unless manifestly wrong. We take the evidence with all proper inferences in the light most favorable to the finding of the jury. Dumas v. Labonte, Me., 218 A.2d 369; McMann v. Reliable Furniture Co., 153 Me. 383, 140 A.2d 736; Field & McKusick, Maine Civil Practice, § 50.2.

The jury could properly have found as follows:

The plaintiff, driving a Chevrolet passenger car, was proceeding westerly on Western Avenue in Augusta on February 16, 1964, at about 3:30 o'clock in the afternoon during a snowstorm. Visibility was restricted and the highway was slippery. As she passed under an overhead bridge forming part of an exit-entrance way to Route 95 and the Maine Turnpike for westbound traffic on the Avenue, she observed a snowplow operated by the defendant and moving westerly on the right hand side of the Avenue. At a speed estimated by her at 25 to 30 miles per hour she overtook and started to pass the plow. Suddenly the plow turned left across her path. She blew her horn, applied the brakes, and tried to escape collision by passing in front of the plow. The right front of the Chevrolet struck the left rear of the plow in the passing or left lane for westbound traffic. The point of collision was at an opening in the median strip separating the west and eastbound lanes of the four lane highway at the westerly end of a bridge carrying Western Avenue over Route 95. The exit-entrance way on which the plow had been moving entered the north side of the Avenue easterly of the bridge mentioned.

The plaintiff places the distance between her car and the plow at 75 feet when the plow turned left. She considered there was no opportunity to pass the plow on the right, and accordingly she continued to her left. A city police officer found skid marks of her car extending 117 feet from the point of collision.

The defendant on his part says that he was plowing the exit-entrance way, that he entered Western Avenue and continued to plow for a few feet, although it was not part of his duty to plow the Avenue; that he stopped opposite the opening in the median strip for three or four minutes until traffic cleared, and until he observed only the lights of an approaching car (the plaintiff's) at the exit-entrance bridge, and that then he started his turn across her path to reach the eastbound lanes of Western Avenue. He further says that he heard no horn, and that on seeing the plaintiff's car 30 or 40 feet away, he increased his

speed from an estimated 3 or 4 miles per hour to reach the safety of the opening in the median strip and that 2 or 3 feet of his 29 foot snowplow was in the left or passing lane at the moment of collision.

The evidence of the defendant was substantiated in part by a disinterested witness in a house south of the Avenue who observed the plow and the Chevrolet as they approached and collided. There were varying estimates of distances, speed, time, and extent of visibility from several witnesses.

Where were the Chevrolet and the snowplow when the plaintiff knew, or should have known in the exercise of due care, that the defendant was turning left across her path? Here is the decisive fact bearing on the case of the plaintiff.

If the plaintiff was then at the exit-entrance overhead bridge, estimated roughly at 500 feet from the place of collision when the plow turned left, the negligence of the plaintiff would be clearly established. If, however, the distance between the vehicles was 75 feet, as the plaintiff testified, then the issue was for the jury.

The jury was not forced to accept the estimates of the plaintiff, or of the defendant, or of other witnesses. The history of the accident covered only a few seconds. Wide variations in estimates of speed, distance, time, and the like, are common in traffic accidents. The instant case is not exceptional in this respect.

■ It remained for the jury to weigh the evidence, and in the end to determine whether the version of the plaintiff was more reasonable and probable than that of the defendant. The jury found and was warranted in so finding that the snowplow turned suddenly into the path of the plaintiff's car at such distance from the plaintiff and under such circumstances that the plaintiff was not negligent either in creating the emergency, or in her conduct when faced with danger. Verrill v. Harrington, 131 Me. 390, 163 A. 266.

The entry will be

Appeal dismissed.

WEBBER, J., did not sit.